CLEAVELAND (TREADWELL v.). See Case No. 14,155.

CLEAVER (FIRST NAT. BANK OF ASHLAND v.). See Case No. 4,800.

CLEINS (ATLANTIC & PAC. R. CO. v.). See Case No. 631.

## Case No. 2,875.

### The CLEMATIS.

[Brown, Adm. 432.] [1]

District Court, E. D. Michigan. June, 1872.

EXCEPTIONS TO LIBEL.—NEGLIGENT TOWAGE—LIABILITY OF AGENT TO THIRD PERSONS FOR TORTS.

1. Where a tug, which had agreed to tow a barge from Saginaw to Cleveland, was compelled by stress of weather to turn the barge over at an intermediate port to the master of another tug, by whose negligence she was lost: *Held*, that the owner of the barge could maintain an action for negligence against the second tug.

2. Quaere, whether he could not also support an action for breach of contract.

In admiralty. Libel for "negligent towage."

The libel alleged that the barge Mohawk was bound on a voyage from Saginaw to Cleveland, with a cargo of about 200,000 feet of lumber, October 30th, 1870; that on leaving Saginaw the said barge, with five other barges, was taken in tow by the tug Zouave, to be towed through to Cleveland; that on arriving at Port Austin bay, the weather was so threatening that the master of the tug Zouave, then having the said barge so in

tow, requested the master of the tug Clematis, which then lay at anchor in said Port Austin bay, to take the said barge Mohawk, together with two others of the said barges, and tow them through to St. Clair river. The libel then proceeded as follows: "4. That in compliance with said request the said tug Clematis, which was then engaged in the business of towing vessels, barges and rafts over the proposed route to St. Clair river, took the said barge Mohawk, together with the said barges Mills and Holland, in tow for the said river, and it then and there became and was the duty of the said tug Clematis to exercise ordinary care and skill and good seamanship in the management of the said barges; and the master of the said tug Clematis thereupon impliedly undertook and agreed to tow said barge Mohawk safely through to said river." The libel then charged the tug with having cast off the barge's line and abandoned her to her fate in a rough sea, nearly abreast of Pointe aux Barques, without just cause, by means of which the said barge was foundered and lost, with her entire crew. The claimants put in an answer to the libel, and accompanied the same with an exception to the said fourth article, as follows: "And your respondents hereby except to said libel and said article: for that it does not allege that respondents or the master of said tug undertook and agreed either with said libellant, or with the master of said barge, or any other person, to do said towing, so as to give said libellant any right of suit; and respondents pray the same benefit of this exception as if they had filed a separate exception."

Alfred Russell, for exceptors.

The description of the action, taking the introduction in connection with articles 4 and 5, is a cause of contract, civil and maritime. In such case the jurisdiction depends on the subject-matter, Waring v. Clarke, 5 How. [46 U. S.] 459, 462. No privity of contract between the owner or master of the tug and the owner or master of the barge is anywhere set forth in the libel. There can be no such thing as a contract without parties —at least two in number—and a consideration moving from one to another. Although the rules of pleading in admiralty are not technical, yet the parties to the contract, the contract itself, and the consideration must be distinctly set forth. Jenks v. Lewis [Case No. 7,280]. Claimants may object for want of proper parties. or for absence of detailed allegations of fault. The Commander in Chief, 1 Wall. [68 U. S.] 43–52. Who were the parties is a fact necessary to be alleged. The Havre and Scotland [Case No. 6,233]. As much certainty is required as in a declaration or plea at common law. Treadwell v. Joseph [Id. 14,157]; Pettingill v. Dinsmore [Id. 11,045]. The libel cannot be sustained without an allegation that the master of the tug contracted with the libellant himself or

---

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

the master of his barge. The facts show that libellant's only remedy is against the tug Zouave, whose master contracted with libellant to do the towing, and who subsequently on account of the weather requested claimants to help him.

W. A. Moore and H. B. Brown, for libellant.

There are no technical rules of pleading in admiralty, and it is only necessary to state the facts; but even in a common law declaration it is unnecessary, in an action of tort, to state the consideration for the contract, from the breach of which the tort has arisen. 1 Chit. Pl. 417; Elsee v. Gatward, 5 Term R. 143; Webster v. Hodgkins, 25 N. H. 128; Barney v. Dewey, 13 Johns. 224; Corwin v. Davison, 9 Cow. 22; Moseley v. Wilkinson, 24 Ala. 411. The great case of Coggs v. Bernard, 2 Ld. Raym. 909, upon which the entire modern law of bailments is founded, holds that a person who undertakes gratuitously to do a service for another is yet liable for negligence in the performance of it. This is still the law. Phila. R. R. Co. v. Derby, 14 How. [55 U. S.] 468; The Deer [Case No. 3,737]; The Brooklyn [Id. 1,938]. It is claimed in this case that the Clematis was merely the agent of the Zouave, that no liability was incurred except to the principal, and that the action should have been against the Zouave. It is true that an agent is not liable to third persons in an action of tort for a non-feasance, omission or neglect of duty. Story, Bailm. § 404, and cases cited; Shear. & R. Neg. 128. But where an agent has been guilty of a misfeasance, violation of duty, or of negligence in the performance of a public employment, there is no doubt of his liability to third persons. Shear. & R. Neg. 129, 130; Phelps v. Wait. 30 N. Y. 78; Wright v. Wilcox, 19 Wend. 343; Suydam v. Moore, 8 Barb. 358; Montfort v. Hughes, 3 E. D. Smith, 591; Hewett v. Swift, 3 Allen. 420; Johnson v. Barber, 5 Gilman. 425; Spraights v. Hawley, 39 N. Y. 441; The R. B. Forbes [Case No. 11,598]; The Rescue [Id. 11,708]; The John Fraser, 21 How. [62 U. S.] 184; Sturgis v. Boyer. 24 How. [65 U. S.] 110; Sawyer v. Rutland & B. R. R. Co., 27 Vt. 377.

The following authorities indicate that, in cases like the present, an action would lie as upon a contract. Certainly it would, if the case has any analogy to those of common carriers. 2 Redf. Ry. 14; New Jersey Steam Nav. Co. v. Merchants' Bank, 6 How. [47 U. S.] 344; Sanderson v. Lamberton, 6 Bin. 129.

LONGYEAR, District Judge. The case has been argued and submitted on the exception, before proceeding to a hearing on the merits. Other objections to the libel were raised at the hearing, but as the above is the only exception found stated in the pleadings, it will be the only one noticed. The argument in support of the exception proceeds upon the assumption that there is no privity of con-

tract between the barge and the tug Clematis. The right of action in this case does not necessarily rest upon breach of contract. It has a sufficient foundation in tort. The casting off of the barge's line and abandoning her to her fate in time of peril, as charged in the libel, was a misfeasance. It was a violation of a duty toward the barge, which had become incumbent on the tug by her taking the barge's line and towing her to the place of danger, in which she is charged in the libel with having left the barge to her fate, without just cause. No matter whether the tug so took the barge's line and did such towing with or without a contract with the barge. In other words, after she had taken the barge's line and towed her to a place of danger, it was the tug's duty to retain the line and stand by her so long and so far as possible, and for a breach of that duty an action will lie. Shear. & R. Neg. § 112. See, also, opinion of Justice Woodbury, 6 How. [47 U. S.] 418. And even upon the basis of a breach of contract, I am inclined to think that, upon the authority of the decision of the United States supreme court, in the case of New Jersey Steam Nav. Co. v. Merchants' Bank. 6 How. [47 U. S.] 344, 380, the action will lie. But from the view already taken, it is unnecessary to discuss this aspect of the case. Exception overruled.

[NOTE. On the trial of the action herein the libel was dismissed. See Case No. 2,876, next following.]